<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INOUSSA ZERNE,<br><br>                Petitioner,<br><br>                v.<br><br>ACTING FIELD OFFICE DIRECTOR OF NEW JERSEY IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>                Respondents. | Case No. 2:26-cv-05133 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Insoussa Zerne's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed a letter answer. (ECF No. 5.) Petitioner did not reply. Having reviewed and considered the parties' submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause having been shown, the Petition is **DENIED**.

## I.    BACKGROUND

Petitioner, a citizen of Burkino Faso, unlawfully entered the United States on December 29, 2024. (ECF No. 5 at 1.) On that date, Petitioner was arrested by immigration officials and issued a Notice and Order of Expedited Removal. (*Id.*) On February 1, 2025, Petitioner's expedited order of removal was vacated, and Immigration and Customs Enforcement ("ICE") issued a removal order. (*Id.*)

On July 21, 2025, an immigration judge ("IJ") denied Petitioner's asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") applications. (*Id.*) On May 15, 2026, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. (*Id.*) Petitioner's order of removal is now administratively final.

On May 7, 2026, Petitioner filed the Petition arguing his detention under 8 U.S.C. § 1225(b)(1) had become prolonged and violated due process. (*See* ECF No. 1.) Respondents filed a response submitting that following the BIA's May 15, 2026 dismissal of Petitioner's appeal, Petitioner is now subject to a final order of removal and lawfully detained under 8 U.S.C. § 1231. (ECF No. 5.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    DECISION

In the Petition, Petitioner argues his prolonged detention under 8 U.S.C. § 1225 violates his due process rights. (*See* ECF No. 1.) In response, Respondents submit that following the BIA's

May 15, 2026 dismissal of Petitioner's appeal, Petitioner is now subject to a final order of removal and lawfully detained under 8 U.S.C. § 1231. (ECF No. 5.)

The record establishes as of May 15, 2026, Petitioner is now subject to a final order of removal. Section 1231 states in relevant part, "when a[] [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (citation omitted)). Petitioner's removal order became final on May 15, 2026. As a result, Petitioner's detention is still within the 90-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: June 24, 2026